UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY A. JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: CV 16-07543 (JDE)<br><br>MEMORANDUM OPINION AND ORDER |

# I.

# PROCEEDINGS

Plaintiff filed the Complaint herein on October 8, 2016 seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. (Dkt. No. 1.) The parties filed consents to proceed before the undersigned Magistrate Judge. (Dkt. Nos. 16, 19.) Pursuant to the Court's Case

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security ("Commissioner" or "Defendant") and is substituted in as defendant. See 42 U.S.C. 205(g).

Management Order ("CMO"), the parties filed a Joint Stipulation ("Jt. Stip.") on May 24, 2017 addressing their respective positions. (Dkt. No. 21.) The Court has taken the Joint Stipulation under submission without oral argument. As set forth in the CMO, this decision made based on the pleadings, the Administrative Record, and the Joint Stipulation of the parties under Rule 12(c) of the Federal Rules of Civil Procedure applying the standards set forth in 42 U.S.C. § 405(g).

## II.

## STANDARD OF REVIEW

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of no less than twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). In assessing disability claims, an Administrative Law Judge ("ALJ") conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing, *inter alia*, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant is currently working in substantial gainful activity. Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any one of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's residual

functional capacity ("RFC").[2] 20 C.F.R. § 416.920(d), 416.945; Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ determines at the fourth step whether the claimant has the RFC to perform past relevant work, either as she actually performed it or as it is generally performed in the national economy. 20 C.F.R. § 416.920(f). If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or regional economies. 20 C.F.R. § 416.920(g); Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. Tackett, 180 F.3d at 1099.

The claimant generally bears the burden at each of steps one through four to show that she is disabled or that she meets the requirements to proceed to the next step, and the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at step five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform that exist in significant numbers in the economy. See 20 C.F.R. §§ 404.1560(c)(1)-(2), 416.960(c)(1)-(2); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th

---

[2] The RFC is what a claimant can still do despite existing exertional and non-exertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assess the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

Although courts will not substitute their discretion for the Commissioner's, courts nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina, 674 F.3d at 1110; see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (court will uphold decision when evidence is susceptible to more than one rational interpretation). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

Lastly, even when legal error is found, the reviewing court will still uphold the decision if the error was harmless, that is, where it is inconsequential to the ultimate non-disability determination, or where, despite the error, the Commissioner's path "may reasonably be discerned," even if the Commissioner explains her decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

4

## III.

## SUMMARY OF ADMINISTRATIVE PROCEEDING

Plaintiff was born December 9, 1966. (AR 34.) Plaintiff applied for supplemental security income on July 31, 2013, and also filed an application for disability insurance benefits on August 5, 2013. (AR 149-58, 159-62.) The application was denied on initial review and again on reconsideration, after which Plaintiff requested that her claim be heard before an ALJ. (AR 111-12.) An ALJ held a hearing on March 12, 2015 where Plaintiff provided testimony, as did a Vocational Expert ("VE"). (AR 50-75.)

The ALJ then used the five-step sequential evaluation process to guide the decision. At step one, the ALJ determined that Plaintiff met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since January 1, 2013. (AR 28.) At step two, the ALJ concluded that Plaintiff had the following severe impairments: asthma, mental depression and anxiety. (AR 28-29.)

At step three, the ALJ decided that the impairments did not meet or equal any "listed impairment" (id.) and found that through the date last insured Plaintiff retained the RFC to perform medium work with the following limitations:

> "[Plaintiff] can lift and/or carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for six hours in an eight hour workday, and can sit for six hours in an eight hour workday, with normal breaks. She can frequently push and pull. She is restricted from excessive dust, fumes or temperature extremes. She can occasionally perform detailed or complex tasks and have frequent contact with supervisors, coworkers, and the general public. She has no other limitations" (AR 31.)

At step four, the ALJ stated that Plaintiff had no past relevant work, had a limited education, and transferable skills was not an issue. (AR 34.)

At step five, based on Plaintiff's age, education, RFC vocational factors, and the VE's testimony, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, including work as a (1) Packer, (Dictionary of Occupational Titles ("DOT") 920.587-018); and (2) grocery bagger (DOT 920.687-014). (AR 34-35.) Accordingly, on April 22, 2015, the ALJ determined that Plaintiff was not disabled during the relevant period from January 1, 2013 through the date of the decision. (AR 35.)

On June 18, 2015, Plaintiff requested that the Appeals Council review the decision by the ALJ. (AR 16-18.) On August 10, 2016, the Appeals Council denied the request for review. (AR 1-8.) This action followed.

## IV.

## THE ALJ ERRED IN FAILING TO INCLUDE PLAINTIFF'S MENTAL IMPAIRMENTS IN THE RFC ASSESSMENT

Plaintiff contends that the ALJ failed to properly consider an examining physician's opinion and as a result impermissibly rejected such opinion. (Jt. Stip. at 7.) Though the ALJ stated that he ascribed "significant weight" to the opinion of Dr. Kapitanski, which contained several limitations on Plaintiff's ability to interact with others, such limitations were not incorporated into Plaintiff's RFC. (AR 34.)

Plaintiff takes issue with the ALJ's conclusion that Plaintiff could "occasionally perform detailed or complex tasks and have frequent contact with supervisors, coworkers, and the general public." (AR 31.) She contends that the ALJ's conclusions are incompatible with the opinion of the examining physician, Dr. Kapitanski, that Plaintiff "would have moderate limitations completing a normal workday or work week" and moderate difficulties in handling "usual stresses, changes and demands of gainful employment." (AR 479.)

6

### a. **Applicable Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 404.1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

In determining RFC, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and non-exertional, severe and non-severe. 42 U.S.C. §§ 423(d)(2)(B), (5)(B). In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barhnart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830-31). If an "examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss, 427 F.3d at 1216 (citing Lester, 81 F.3d at 830-31). Also, "the ALJ need not accept

the opinion of any physician . . . if that opinion is brief, conclusory and inadequately supported by clinical findings." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2011). Further, the weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6).

**b. Analysis.**

The Court is not persuaded by the Commissioner's arguments that the record reflects that the ALJ accorded appropriate weight to the opinion of examining physician, Dr. Kapitanski, a board certified psychiatrist. Dr. Kapitanski wrote in her treatment notes:

> [Plaintiff] exhibits no difficulty interacting with clinical staff or myself. She has mild difficulty maintaining composure and even temperament. She has mild difficulties in maintaining social functioning. She has mild difficulties focusing and maintaining attention. She has mild difficulties in concentration, persistence and pace. The level of personal independence is good. She is intellectually and psychologically capable of performing activities of daily living (ADLs.)
> Based on the objective findings presented during this interview, [Plaintiff] would have no limitations performing simple and repetitive tasks and moderate limitations performing detailed and complex tasks. Plaintiff] would have mild difficulties to be able to perform work activities on a consistent basis without special or additional supervision. [Plaintiff] would have moderate limitations completing a normal workday or work week due to her mental

condition. [Plaintiff] would have mild limitations accepting instructions from supervisors and interacting with coworkers and with the public. She would have moderate difficulties to be able to handle the usual stresses, changes and demands of gainful employment. (AR 479.)

In assessing Plaintiff's impairments, the ALJ found that Plaintiff suffered from three severe impairments: asthma, depression, and anxiety. (AR 28.) The ALJ took pains to describe the reasons why Plaintiff's mental impairments, while severe, fell short of meeting or medically equaling the criteria for the disability listings of depressive or anxiety disorders. (AR 30.) He also noted each of the limitations from Dr. Kapitanski's notes in his decision, along with those of other examining and non-examining physicians, prior to his RFC assessment. (AR 33.) The ALJ stated that his assessment was consistent with assessments of Plaintiff's examining physicians, including Dr. Kapitanski, and that he had accorded each physician's opinion significant weight. (AR 34.)

The question for the Court is whether the ALJ accorded appropriate weight to the opinion of Dr. Kapitanski. The Court finds that he did not. As stated previously, the ALJ found that Plaintiff was capable of performing medium work with certain physical and non-physical limitations. (AR 31.) With respect to non-physical limitations, the ALJ concluded that Plaintiff, "can occasionally perform detailed or complex tasks and have frequent contact with supervisors, coworkers, and the general public." (Id.) This stands in contrast with Dr. Kapitanski's conclusions that Plaintiff would have mild difficulty accepting instructions from supervisors and interacting with co-workers and the public. (AR 479.)

The ALJ erred in accepting Dr. Kapitanski's opinion, "but then failing to explain why he did not accept or incorporate important aspects of that opinion into Plaintiff's RFC." Richardson v. Colvin, 2016 WL 4487823, at *5 (C.D. Cal. Aug. 23, 2016) (finding an ALJ erred in accepting an examining physician's opinion but not incorporating it into the RFC moderate limitations with regard to claimant's ability to interact with the public, supervisors, and coworkers); see also Le v. Colvin, 2016 U.S. Dist. LEXIS 54944, at *4-8 (C.D. Cal. Apr. 22, 2016) (finding an ALJ erred in purportedly giving significant weight to an examining psychologist's opinion, which included moderate limitations in the plaintiff's ability to interact with coworkers and respond to usual work situations, without including these limitations in the plaintiff's RFC).

Other courts in this circuit have reached similar conclusions regarding the error inherent an RFC's omission or misinterpretation of a limitation regarding interactions with supervisors and co-workers and the Court agrees with their reasoning. Dennis v. Colvin, 2015 WL 3867506, at *8 (D. Or. June 20, 2015) (finding error in ALJ's crediting the opinion of a medical source, which included a limitation on the ability to interact with supervisors, but omitting the limitation in the RFC); Gentry v. Colvin, 2013 WL 6185170, at *14-17 (E.D. Cal. Nov. 26, 2013) (finding ALJ erred in crediting an examining psychologist's opinion that the claimant had moderate limitations in the ability to interact appropriately with coworkers, supervisors, and the public, but failing to include such limitations in the RFC or in a hypothetical question to the VE); see Sackett v. Colvin, 2013 WL 1966156, at *7-8 (W.D. Wash. Apr. 9, 2013) (finding ALJ erred by failing to include in the RFC the limitations claimant's treating physician identified relating to

the ability to interact with co-workers and supervisors, though the ALJ had given the opinion "great weight").

The ALJ makes no mention in his RFC about Plaintiff's limitations related to: performing work on a consistent basis without special or additional attention; completing a normal workday or week owing to her mental condition; or handling the usual stresses, changes and demands of employment. (See AR 31.) Nor did the ALJ include any of these limitations in the three separate hypotheticals he posed to the VE during the administrative hearing. (See AR 72-75.)

The RFC does reference Plaintiff's ability to interact with coworkers, supervisors, and the public, but the ALJ's conclusions in this regard are inconsistent with the limitations set forth by Dr. Kapitanski. And while the ALJ did include some mention of limitations in his hypothetical to the VE, they were confusing and did not accurately reflect the limitations opined by Dr. Kapitanski. The Court notes the following exchange between the ALJ and the VE:

> **ALJ**: Hypothetical Person #2 has the same limitations I described for Hypothetical Person #1. This person can do detailed tasks occasionally, but not frequently. This person can deal with coworkers, supervisors, and the general public frequently, but not constantly. Could this person do the past work of this [Plaintiff].
>
> **VE**: No.
>
> **ALJ**: No?
>
> **VE**: No, because this person would have to continually interact and deal with the public and take care of others.
>
> **ALJ**: As a home attendant?

**VE**: Well, as a – well, the public in terms of the patient I'm viewing as the public.

**ALJ**: Okay, the patient's not the public. The – working as a home attendant, I mean, dealing with the general public. That's what that means.

**VE**: Oh, I see what you're saying. No, the person would not be dealing with the general public, other than that individual so --

**ALJ**: So this person could that?

**VE**: -- I would say that person could do the past work both as described by [Plaintiff] and as commonly performed –

**ALJ**: Alright.

**VE**: -- and described in the DOT.

**ALJ**: Could this person do other work?

**VE**: Yes, I would say all of the positions I had noted previously.

(AR 73-74.)

This line of questioning is problematic for several reasons. First, the passage indicates a fair amount of confusion around how to apply the ALJ's hypothetical. Second, it appears that the VE initially believed that Plaintiff would be unable to perform her past work as a home attendant if it required frequent interaction with the public. Considering that the hypothetical builds to a question of whether Plaintiff would be able to perform other work based on the limitations in the hypothetical, having greater clarity over the VE's interpretation of Plaintiff's limitations in interacting with others is consequential to the ultimate disability decision.

Third, and most significantly, the ALJ mischaracterizes Plaintiff's limitations. Dr. Kapitanski opined that Plaintiff would have "mild

limitations accepting instructions from supervisors and interacting with coworkers and with the public." (AR 479.) The ALJ's hypothetical question recast the limitation as: "[t]his person can deal with coworkers, supervisors and the general public frequently but not constantly." That re-characterization does not accurately reflect Dr. Kapitanski's opinion in either letter or spirit. As a result, contrary to the ALJ's statement in his decision, the VE's opinion did not accurately take into account the limitations set forth in Dr. Kapitanski's opinion.

### c. **Remand is Warranted.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Remand is appropriate where, as here, the ALJ finds a physician's opinion credible, but then fails to include or address material aspects of that opinion in the RFC

13

determination. See Bagby v. Comm'r of Soc. Sec., 606 Fed. Appx. 888, 890 (9th Cir. 2015) (finding reversible error in the ALJ's failure to include a claimant's limitations related to her ability to "[r]espond appropriately to usual work situations and changes to routine work" when he assessed an RFC that would allow for "occasional interaction with coworkers.").

Here, remand is appropriate for the ALJ to fully and properly consider Dr. Kapitanski's opinion and to determine whether that opinion supports a finding of disability. On remand, the ALJ shall either (1) provide clear and convincing reasons for rejecting Dr. Kapitanski's opinions, pursuant to Lester, 81 F.3d, at 83-831; or (2) include the limitations set forth by the doctor in the RFC assessment and any hypothetical questions posed to the VE.

## V.

## CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 5, 2017

JOHN D. EARLY
United States Magistrate Judge

14